UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-616-RJC-DSC

| DUKE ENERGY CAROLINAS, LLC, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) ORDER |
| BLACKROCK COAL, LLC, | ) |
| Defendant. | ) |

**THIS MATTER** comes before the Court on Plaintiff Duke Energy Carolinas, LLC's ("Duke Energy") Motion for Entry of Default Judgment pursuant to Federal Rule of Civil Procedure 55(b)(2), (Doc. No. 8), filed on January 27, 2012.

Duke Energy filed a Complaint in this action on December 5, 2011. (Doc. No. 1). Duke Energy's claim is for $13,294,492.47, plus costs and interest, for damages resulting from BlackRock Coal LLC's ("BlackRock") alleged breach of contract. (Doc. Nos. 1; 8-1 at 2: Affidavit of Michelle S. Spak). Duke Energy filed an Affidavit of Service on January 5, 2012, stating as follows:

> On December 6, 2011, a copy of the Civil Summons issued on December 6, 2011, and a file-stamped copy of the Complaint was deposited with the United States Post Office for mailing by certified mail, return receipt requested, to BlackRock Coal, LLC, as authorized by Fed. R. Civ. P. 4(h)(1)(A), Fed. R. Civ. P. 4(e)(1), and Mich. R. Civ. P. 2.105(D)(2).

(Doc. No. 4 at 1). The cited rules provide:

> Fed. R. Civ. P. 4(h)(1)(A): Serving a Corporation, Partnership, or Association. Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:

> (1) in a judicial district of the United States:
> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual;
>
> Fed. R. Civ. P. 4(e)(1): Serving an Individual Within a Judicial District of the United States. Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made;
>
> Michigan R. Civ. P. 2.105(D)(2): Private Corporations, Domestic and Foreign. Service of process on a domestic or foreign corporation may be made by:
> (2) serving a summons and a copy of the complaint on a director, trustee, or person in charge of an office or business establishment of the corporation and sending a summons and a copy of the complaint by registered mail, addressed to the principal office of the corporation;

It appears that Duke Energy sent the summons and Complaint to BlackRock Coal, LLC, c/o Daniel Raetchi, Esq., 450 W. Fourth Street, Royal Oak, MI 48067. The Court takes judicial notice of the fact that the Michigan Secretary of State website has the same name and address listed as BlackRock's registered agent and registered agent office address.[1] See http://www.dleg.state.mi.us/bcs_corp/dt_llc.asp?id_nbr=D3446D&name_entity=BLACKROCK%20COAL%20LLC, last visited March 13, 2012.

    A person named M.R. Brown signed for the envelope. (Doc. No. 4-1). Duke Energy relied on Michigan Rule of Civil Procedure 2.105(D)(2) to show proper service. This rule provides that Duke Energy could effectuate service on BlackRock, a private corporation, by "serving a summons and a copy of the complaint on a director, trustee, or person in charge of an office or business establishment of the corporation **and** sending a summons and a copy of the complaint by registered mail, addressed to the principal office of the corporation." MICH. R.

---

[1] BlackRock's address on the Duke/BlackRock Agreement and on the letter that Duke sent to BlackRock is: 38955 Hills Tech Drive, Farmington Hills, MI 48331

CIV. P. 2.105(D)(2) (emphasis added).[2]

It does not appear to the Court based upon the record that the documentation filed in support of the affidavit of service suffices for it to conclude that service was proper. The Court therefore ORDERS Duke Energy to provide supplemental briefing on the sufficiency of its service under Michigan law.

**IT IS, THEREFORE, ORDERED** that Duke Energy shall file supplemental briefing on the sufficiency of its service of the summons and Complaint under Michigan law **within 14 days** of the entry of this Order.

Signed: March 14, 2012

Robert J. Conrad, Jr.
Chief United States District Judge

---

[2] The Court notes that Mich. R. Civ. P. 2.105(D)(1) allows service on a registered agent, but does not explicitly allow service by certified mail.